OVERTON, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the First District Court of Appeal reported at 306 So.2d 205 (Fla.App. 1st 1975).
The respondent was charged and convicted in the trial court with possession and delivery of a quantity of marijuana in excess of five grams. The primary thrust of the prosecution was to establish respondent as a party to a sale of approximately one pound of marijuana.
The First District reversed the conviction of respondent for possession and delivery of a dangerous drug upon finding insufficient evidence to support the charges. In doing so, it noted that the evidence adduced at trial included testimony that respondent, at the scene of the crime, briefly puffed on a marijuana cigarette. The inference from the opinion is that a mere puff on a marijuana cigarette is insufficient evidence to support a conviction for possession.
In State v. Eckroth, 238 So.2d 75 (Fla. 1970), we held that smoking a pipe filled with marijuana as it was passed around was sufficient to sustain a conviction for possession and there was no need to show that the pipe or the marijuana belonged to the individual smoking the prohibited drug. The decision in the instant case appears to conflict with the Eckroth decision. We have jurisdiction. Article V, Section 3(b) (3), Florida Constitution.
We agree with the First District that there was insufficient evidence to support a conviction for possession and delivery of more than five grams of marijuana. The evidence, however, does support a convic *228 tion of respondent for the lesser included offense of possession of not more than five grams of cannabis, a misdemeanor of the first degree. Sections 404.15(1) and 404.02(5), Florida Statutes (1971).
We reverse and remand to the District Court with directions that the cause be remanded to the trial court for entry of a judgment of conviction for the lesser included offense of possession of not more than five grams of marijuana. Section 924.34, Florida Statutes (1973); e. g., Bornstein v. State, 54 So.2d 519 (Fla. 1951).
Reversed in part and remanded.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD and ENGLAND, JJ., concur.