BARFIELD, Judge.
McCray appeals his convictions for two counts of sale of cocaine, two counts of possession of cocaine, two counts of delivery of drug paraphernalia and one count of conspiracy to deliver cocaine. We affirm his convictions, with the exception of the *409 convictions for delivery of drug paraphernalia.
On two separate occasions, appellant sold an undercover police officer a “twenty cent piece” (twenty dollars’ worth of powdered cocaine in a plastic baggie). He claims the State’s evidence was legally insufficient to prove him guilty of two counts of delivery of drug paraphernalia (the plastic baggies containing the cocaine), because it did not demonstrate that he knew or should have known that the officer would use the baggies to pack, store, contain or conceal a controlled substance, other than that already stored therein. He claims he did not intend to deliver drug paraphernalia, but intended only to sell cocaine, and argues that affirmance of his conviction on this count “would lead to automatic violations, and attendant convictions, of the statute every time a defendant sells a controlled substance packed or stored in a container be it a plastic bag, burlap wrap or the like.”
Section 893.145, Florida Statutes (1985), defines “drug paraphernalia” as any equipment, products, or materials used, inter alia, in “... packaging, repackaging, storing, containing ...” a controlled substance, including “[c]apsules, balloons, envelopes, and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances.” Section 893.146 sets out factors to be considered in determining whether an object is drug paraphernalia, including direct or circumstantial evidence of the intent of the owner or person in control of the object “to deliver it to persons who he knows, or should reasonably know, intend to use the object to facilitate a violation of this act.” Section 893.147 prohibits, inter alia, delivery of drug paraphernalia, “knowing, or under circumstances where one reasonably should know, that it will be used [t]o ... pack, repack, store, contain, or conceal a controlled substance in violation of this act.”
There is no question that the plastic baggies in which the cocaine was delivered to the police officer were drug paraphernalia, since they were being used to contain illegal drugs. The question is whether the Florida Legislature intended to punish as two separate crimes the single act of sale of a drug contained in a package of some kind, in other words, whether the legislature intended to punish the transfer of the container as a separate offense from transfer of the drug itself.
The statutory language indicates that this was not the legislative intent, and that the paraphernalia laws were aimed instead at punishing those persons who supply or possess drug paraphernalia with the intent that it will be used to distribute illegal drugs, even if they do not possess or sell the drugs themselves. However, in light of the recent amendment to section 775.-021, which had set out a rule of statutory construction in favor of the accused,[1] we certify to the Florida Supreme Court, as a matter of great public importance, the following question:
“Whether the Florida Legislature intended to punish, as two separate offenses, the single act of sale of a controlled substance in a container (i.e., whether the legislature intended to punish the transfer of the container as a separate offense from the transfer of the drug itself)?”
Appellant’s two convictions for delivery of drug paraphernalia are REVERSED. The other convictions are AFFIRMED.
«TOANOS and WIGGINTON, JJ., concur.

. Chapter 88-131, section 7, Laws of Florida, clarifies section 775.021: “The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent.” Exceptions to this rule of construction are: 1) offenses which require identical items of proof, 2) offenses which are degrees of the same offense, and 3) offenses which are lesser offenses of the greater offense.