543 So.2d 326 (1989)
Elvis EVANS, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-6.
District Court of Appeal of Florida, Third District.
May 9, 1989.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joan Greenberg, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART, J., and BARFIELD, EDWARD T., Associate Judge.
PER CURIAM.
This is an appeal by the defendant Elvis Evans from judgments of conviction and *327 sentences for (1) unlawful possession of a controlled substance, to wit, cocaine [§ 893.13, Fla. Stat. (1987)], and (2) unlawful possession of drug paraphernalia, to wit, a pipe [§ 893.147(1), Fla. Stat. (1987)] which were entered below upon an adverse jury verdict. The state's evidence at trial established that the defendant was discovered by police in possession of a pipe used for smoking cocaine; contained in the pipe was a minuscule amount of cocaine.
The central contention raised by the defendant on appeal is that the trial court erred in adjudicating the defendant guilty and sentencing him for both unlawful possession of cocaine and unlawful possession of drug paraphernalia, based on the authority of Carawan v. State, 515 So.2d 161 (Fla. 1987). We disagree and affirm because (1) both of the subject offenses have, without dispute, at least one element that the other does not, and (2) the two statutes are not aimed at the same substantive evil, as (a) the former is aimed at proscribing contraband drugs, while (b) the latter is aimed at proscribing paraphernalia employed in using contraband drugs. Carawan.
Nor can it be said that the legislature intended a different result under the facts of the instant case. It is certainly true, as the First District held in McCray v. State, 531 So.2d 408 (Fla. 1st DCA 1988), that the legislature did not intend to convict a person both for sale/possession of cocaine and for delivery of drug paraphernalia based on the single act of selling cocaine in plastic baggies; this is so because the transfer of the baggie in such a case is such an inherent part of what we consider a sale of drugs to be that it can be reasonably said that the legislature did not intend to separately convict such a person for transferring the baggies as drug paraphernalia. Contrary to the defendant's argument, however, the same cannot be said with respect to the two offenses involved in the instant case. This is so because the use of a cocaine pipe to possess cocaine is not such an inherent part of what we consider to be the normal method of possessing cocaine that we can assume that the legislature did not intend to separately punish a person for possessing a cocaine pipe when, as here, a quantity of cocaine is found in the pipe. To the contrary, cocaine is possessed in such a variety of different ways that it can be assumed that the legislature had the contrary intent of separately punishing such person for unlawful possession of a cocaine pipe.
Given our disposition of defendant's central contention, as stated above, the defendant's second point on appeal becomes moot. The final judgments of conviction and sentences under review are, therefore, in all respects
Affirmed.
HUBBART, J., and EDWARD T. BARFIELD, Associate Judge, concur.
SCHWARTZ, Chief Judge (dissenting).
While the court's analysis is most persuasive, and notwithstanding that the majority includes  in what must be a judicial first  the author of the opinion which I believe requires a different result, I am compelled to dissent. It is my view that Judge Barfield's opinion in McCray v. State, 531 So.2d 408 (Fla. 1st DCA 1988) is correctly reasoned and is applicable here.
The thrust of McCray is that the legislature could not have meant to punish, as a separate offense, the possession of an implement which becomes a forbidden item of narcotics paraphernalia only because the very narcotics which are the subject of another offense have been found there. That is plainly true of this case. Evans's pipe was a perfectly nondescript object, which, if discovered separately, could obviously not have been made the subject of a criminal charge. It became so only because of the minute amount of cocaine which was found within it. Thus, in essence, Evans has been found guilty of two different charges for possessing the same cocaine. Just as McCray holds with respect to an otherwise innocent baggie, and just as numerous other cases hold with respect to the sale and possession of the same contraband, Paz v. State, 538 So.2d 981 (Fla. 3d DCA 1989), I do not believe, *328 under Carawan, that this result may be permitted to stand.