561 So.2d 257 (1990)
STATE of Florida, Petitioner,
v.
Alphonso McCRAY, Respondent.
No. 73249.
Supreme Court of Florida.
May 3, 1990.
*258 Robert A. Butterworth, Atty. Gen., and Walter M. Meginniss, Asst. Atty. Gen., Tallahassee, for petitioner.
Barbara Linthicum, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for respondent.
PER CURIAM.
We have for review McCray v. State, 531 So.2d 408 (Fla. 1st DCA 1988), to answer the following certified question:
"Whether the Florida Legislature intended to punish, as two separate offenses, the single act of sale of a controlled substance in a container (i.e., whether the legislature intended to punish the transfer of the container as a separate offense from the transfer of the drug itself)?"
Id. at 409. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the negative as qualified below and approve the decision of the district court.
On two occasions in 1986, McCray sold an undercover police officer a "twenty cent piece," i.e., twenty dollars' worth of powdered cocaine in a plastic baggie. He was convicted of two counts of sale of cocaine, two counts of possession of cocaine, two counts of delivery of drug paraphernalia, and one count of conspiracy to deliver cocaine. The district court affirmed, with the exception of the convictions for delivery of drug paraphernalia, which it reversed. It determined that the baggies containing the cocaine constituted drug paraphernalia but that the legislature did not intend to punish as two separate crimes the single act of sale of a drug in a package. The court then certified the above question.
The sale or delivery of drugs is proscribed by section 893.13, Florida Statutes (1985), which provides in part:
(1)(a) Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance... .
Section 893.147, Florida Statutes (1985), provides in part:
(2) MANUFACTURE OR DELIVERY OF DRUG PARAPHERNALIA.  It is unlawful for any person to deliver, possess with intent to deliver, or manufacture with intent to deliver drug paraphernalia, knowing, or under circumstances where one reasonably should know, that it will be used:

(a) To plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, or conceal a controlled substance in violation of this act... .
(Emphasis added.) Section 893.145, Florida Statutes (1985), in turn, defines "drug paraphernalia":
893.145 "Drug paraphernalia" defined.  The term "drug paraphernalia" means all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance *259 in violation of this chapter... . The term includes, but is not limited to:
... .
(9) Capsules, balloons, envelopes, and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances.
(10) Containers and other objects used, intended for use, or designed for use in storing or concealing controlled substances.
(Emphasis added.)
Because the instant criminal act took place prior to July 1, 1988, we must apply the analysis set out in Carawan v. State, 515 So.2d 161 (Fla. 1987), to determine whether the legislature intended to punish as two separate crimes the sale or delivery of a drug in a container. See State v. Smith, 547 So.2d 613 (Fla. 1989). Under this reasoning, although the offenses set out in sections 893.13(1)(a) and 893.147(1) contain different statutory elements, they unquestionably address the same evil in those cases where the paraphernalia is used to facilitate the sale or delivery of drugs. Each addresses the evil embodied in the transfer of drugs. Accordingly, under Carawan, a single act cannot give rise to multiple convictions and sentences under the two sections. We note, however, that such would not be the case under other provisions of the paraphernalia statute.
We answer the certified question in the negative as qualified above and approve the decision of the district court.
It is so ordered.
OVERTON, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., concurs in result only.
EHRLICH, C.J., dissents with an opinion, in which SHAW, J., concurs.
EHRLICH, Chief Justice, dissenting.
I find it difficult to agree with the reasoning of the majority.
There is nothing ambiguous about the language of the statute in question. As stated by the court below:
There is no question that the plastic baggies in which the cocaine was delivered to the police officer were drug paraphernalia, since they were being used to contain illegal drugs. The question is whether the Florida Legislature intended to punish as two separate crimes the single act of sale of a drug contained in a package of some kind, in other words, whether the legislature intended to punish the transfer of the container as a separate offense from transfer of the drug itself.
McCray v. State, 531 So.2d 408, 409 (Fla. 1st DCA 1988).
Very shortly after Carawan v. State, 515 So.2d 161 (Fla. 1987), was issued, the legislature spoke loud and clear when it amended section 775.021(4), Florida Statutes (1985). The amended statute reads:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Ch. 88-131, § 7, Laws of Fla. (codified at § 775.021(4)(a), (b), Fla. Stat. (Supp. 1988)).
*260 The majority seems to have forgotten what the Court said in Lowry v. Parole & Probation Commission, 473 So.2d 1248, 1250 (Fla. 1985):
When, as occurred here, an amendment to a statute is enacted soon after controversies as to the interpretation of the original act arise, a court may consider that amendment as a legislative interpretation of the original law and not as a substantive change thereof. This Court has recognized the propriety of considering such subsequent legislation in arriving at the proper interpretation of the prior statute. Gay v. Canada Dry Bottling Co., 59 So.2d 788 (Fla. 1952).
(Citations omitted.)
In light of the unambiguous language in the statute in question and the amendment to section 775.021(4) cited above, it seems to me crystal clear that the legislature intended to endeavor to impede the flow of drugs in this state by punishing as a separate crime the delivery of containers used for packaging drugs, as spelled out in the statute under consideration.
Therefore, I dissent.
SHAW, J., concurs.