610 So.2d 1329 (1992)
Robert Todd MEYER, Petitioner,
v.
Harry K. SINGLETARY, Jr., Secretary, Florida Department of Corrections, and the State of Florida, Respondents.
No. 92-1921.
District Court of Appeal of Florida, Fourth District.
December 23, 1992.
*1330 Robert Todd Meyer, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for respondents.
PER CURIAM.
The instant petition for writ of habeas corpus alleges ineffective assistance of his appellate counsel. We grant the petition, reverse the petitioner's conviction and remand for new trial.
Petitioner and his codefendant Jeffery Palmquist were charged with six counts of kidnapping with a firearm, three counts of robbery with a firearm and three counts of attempted robbery with a firearm. Petitioner's codefendant entered a plea and was adjudicated. Petitioner proceeded to trial by jury, and was convicted of each count charged. He was sentenced to concurrent life sentences with credit for time served on the kidnapping and robbery counts, and to concurrent fifteen year sentences for the attempted robberies.
Petitioner filed a direct appeal in this court in which he raised four points: (1) trial court error in restricting his cross-examination of his codefendant; (2) trial court error in denying his motion for judgment of acquittal; (3) trial court error in imposing a three year mandatory minimum sentence; and (4) trial court error in sentencing him to life in prison without the possibility of parole as violative of the eighth amendment. This court affirmed in Meyer v. State, 498 So.2d 554 (Fla. 4th DCA 1986).
Petitioner next filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, he argued that his conviction and sentence violated double jeopardy, and that his trial counsel rendered ineffective assistance at sentencing for failure to object on the grounds of double jeopardy. The trial court denied Meyer's motion for post-conviction relief, prompting him to file an appeal to this court. This court per curiam affirmed in Meyer v. State, 553 So.2d 1182 (Fla. 4th DCA 1989).
Petitioner then filed the instant petition for writ of habeas corpus, alleging this time that his appellate lawyer rendered ineffective assistance of appellate counsel in failing to raise certain issues on appeal which he claims were adequately identified in the record. The interrelated issues were: (1) the trial court's failure to comply with Florida Rule of Criminal Procedure 3.410 governing procedures in which a jury asks to review evidence or for additional instructions; and (2) trial court error in denying the jury's right to view certain requested and critical defense evidence.
According to petitioner and undisputed by the state, during his trial, his defense attorney entered into evidence two criminal description sheets which were completed on the night of the alleged robbery by victims Anthony Rojas and Thomas Webb. However, while defense counsel used these exhibits, they were not published or actually shown to the jury during the course of the trial.
Petitioner alleges that during jury deliberations, the trial judge, court reporter, and defense counsel left the courthouse together and waited out the jury's deliberations, and that petitioner, the court clerk, the state attorney and two bailiffs remained in the courtroom. Petitioner claims that approximately three hours into the jury's deliberations, the jury handed the bailiff a paper which contained a question. From a page of the record, it appears that the question was:
We've never seen these pictures we asked for, the defense never showed them to us. The ones that the Pizza Employees immediately used after the Robbery.
*1331 After conferring with the state attorney and bailiff, the clerk of the court wrote on the paper, returned it to the bailiff who then gave it back to the jury. The answer the clerk wrote to that first question was: "You have all we have."
Petitioner claims that approximately fifteen minutes later, the jury gave the bailiff the paper with another question, which was the subject of a second brief conference with the court clerk, bailiff and state attorney. The second question appears on the same page of the record and asked: "The picture descriptions from Pizza Hut." This time the court clerk placed a phone call to the trial judge, after which the clerk wrote on the paper and it was again returned to the jury. The answer the clerk wrote to this question was: "Use your best recollection." Approximately fifteen minutes later the jury informed the bailiff that it had reached a verdict. Petitioner was found guilty.
Petitioner states that once these jury questions were asked, the judge did not reconvene proceedings and allow defense counsel to participate, or to object to the responses given to the jury. The record also indicates that defense trial counsel did not move for mistrial or file a motion for new trial on this ground.
According to petitioner, the pictures descriptions requested by the jury were the criminal description sheets in which the two pizza restaurant employees and robbery victims, Rojas and Webb identified petitioner. In one, Anthony Rojas identified the robber as between 6'2" and 6'3", and weighing between 220 and 240 pounds. In the other, victim Thomas Webb completed a criminal description sheet which identified the robber as approximately 6'2" and weighing 210 pounds.
Petitioner claims that these criminal description sheets should have been allowed to be brought back to the jurors, since they revealed a contradiction between the victims' statements immediately after the robbery and their identification testimony at trial. Victim Rojas testified at trial that the robber was between 170 and 180 pounds, which is far less than the criminal description sheet in which he estimated the robber's weight as between 220 and 240 pounds. Victim Webb did not vary significantly in his testimony at trial or in the criminal description sheet. At trial, he maintained his belief that the robber was approximately 210 pounds.
Petitioner states that the only other individual whose testimony placed him at the crime was his codefendant, Jeffery Alan Palmquist. He contends that Palmquist's testimony was discredited as it was given in exchange for his guilty plea and an offer of a reduced sentence. Petitioner offered his testimony and three other witnesses to support an alibi defense.
Petitioner's argument of ineffectiveness, however, is that the trial court's failure to comply with rule 3.410 governing jury questions is per se reversible error, such that his appellate lawyer rendered ineffective assistance of counsel in not raising the point on appeal.
Both sides acknowledge the prevailing standards in claims of ineffective assistance of appellate counsel. To demonstrate ineffectiveness of counsel on appeal, one must show first that there were specific errors or omissions of such magnitude that it can be said that they deviated from the norm or fell outside of the range of professionally acceptable performance; and secondly, that the failure or deficiency had a prejudicial impact on the appellant by compromising the appellate process to such a degree as to undermine confidence in the fairness and correctness of the outcome. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh'g denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984); Johnson v. Wainwright, 463 So.2d 207 (Fla. 1985). Appellate counsel may be deemed to have rendered ineffective assistance in failing to raise a meritorious issue on appeal even if trial counsel did not preserve it for appeal if the error or impropriety rises to the level of a due process violation, constitutional violation, or another matter of fundamental error. Those, of course, cannot be waived by failure to object. See Hargrave v. State, 427 So.2d 713 (Fla. 1983).
*1332 The rule governing jury requests is Florida Rule of Criminal Procedure 3.410, which provides:
RULE 3.410 JURY REQUEST TO REVIEW EVIDENCE OR FOR ADDITIONAL INSTRUCTIONS
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant. (Emphasis supplied).
The plain language of this rule requires that defense counsel be permitted to be in attendance when the jury is read testimony or given instructions. However, the very title of the rule also includes jury requests to review evidence, such as that made here. The rule has been extended to such jury requests. See, e.g., Bradley v. State, 513 So.2d 112 (Fla. 1987) (applying rule 3.410 to jury's request for original police report).
The seminal case establishing this principle of per se reversible error for violation of rule 3.410 is Ivory v. State, 351 So.2d 26 (Fla. 1977). There, the trial judge gave documentary exhibits to the jury upon its request, without giving prior notice to either the state or defense counsel. The documents included one exhibit not even in evidence, which was subsequently withdrawn after approximately forty-five minutes. The court found that this was a clear violation of rule 3.410 and was prejudicial error. In so ruling, the supreme court cited this court's decision in Slinsky v. State, 232 So.2d 451 (Fla. 4th DCA 1970), that any communication with the jury outside of the presence of the prosecutor, the defendant and defense counsel is "so fraught with potential prejudice that it cannot be considered harmless." Ivory v. State, 351 So.2d at 28. See also Curtis v. State, 480 So.2d 1277 (Fla. 1985).
Respondent urges that rule 3.410 doesn't apply, and that any error which could be raised would be subject to harmless error analysis, citing Williams v. State, 488 So.2d 62 (Fla. 1986). There, the Supreme Court of Florida read Ivory more expansively and said that any communications between a judge and jury which occur without notice to the state and defense are reversible error, but that communications which fall outside of the express provisions of rule 3.410 should be analyzed using harmless error principles. Id. at 64.
In this case, however, the harmless error analysis is inappropriate. Since the courts are willing to interpret rule 3.410 to include requests by the jury to review evidence, failure of a judge to provide notice to the prosecuting attorney and defense counsel before responding to such a request remains per se reversible error.
Petitioner's second, separate claim is that appellate counsel was ineffective for failing to raise the issue of the trial court's error in denying the jury's right to review the criminal description sheets which were admitted into evidence in the case. This would appear to be a violation of Florida Rule of Criminal Procedure 3.400, which expressly allows a court to permit the jury to take to the jury room all items received in evidence. Rule 3.400(d). Petitioner cites case authority for the general proposition that an accused has a due process right to defend against state charges and to present evidence supporting his defense. See, e.g., Thornes v. State, 485 So.2d 1357 (Fla. 1st DCA), rev. denied, 492 So.2d 1335 (Fla. 1986).
In the state's response, it argues that the record shows that the jury must have had the description sheets since they were admitted into evidence, and that this court must assume therefore that the jury was in physical possession of them. Surely the jury would not have asked for something that was already in its possession. The state has pointed to nothing in the record to support its position. Thus, we reject its argument.
*1333 Based on the case law and rules as we have interpreted them, we conclude that petitioner has demonstrated ineffective assistance of appellate counsel.
GLICKSTEIN, C.J., and ANSTEAD and GUNTHER, JJ., concur.