616 So.2d 1065 (1993)
Leroy LORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-2147.
District Court of Appeal of Florida, Third District.
April 6, 1993.
*1066 Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard S. Fechter, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and FERGUSON and LEVY, JJ.
FERGUSON, Judge.
Lord appeals his conviction and six-year sentence for possession of cocaine based on the discovery, by laboratory testing, that a one-dollar bill he discarded as the police approached contained trace amounts of the drug. We reverse.
The appellant was observed, by a Monroe County deputy sheriff, bent over into the window of a parked car speaking to an occupant. From his police cruiser the deputy shined his spotlight on the appellant, got out of his cruiser and began walking towards him. As the deputy approached, Lord dropped a crumpled one dollar bill. The officer requested and received identification from Lord. After checking the identification, the officer bent down to pick up the dollar bill. Lord fled the scene. Later that evening, the defendant was arrested and charged with possession of cocaine. Laboratory tests confirmed that a white dust allegedly seen on the currency was a microscopic amount of the illegal drug. At trial, there was no testimony that the deputy observed Lord engaged in an illegal drug transaction. The testimony given by the deputy sheriff was that Lord dropped the dollar bill when the spotlight was flashed on him and that it is common for drug dealers and users to carry cocaine rolled-up in dollar bills.
The question presented in this appeal is one we left unanswered in Jones v. State, 589 So.2d 1001 (Fla. 3d DCA 1991): Whether the possession of an object that has a common legitimate use, which contains trace amounts of cocaine, without more, is sufficient to sustain a felony conviction for knowing possession of cocaine in violation of section 893.13(1)(f), Florida Statutes (1991).
In Jones, cocaine residue was found on a small piece of copper ribbon commonly used for smoking cocaine. We held in Jones that
the ordinary presumption that one has knowledge of drugs in his possession, State v. Medlin, 273 So.2d 394 (Fla. 1973), may not apply where there are only trace amounts of drug "lint" or "dust" which we are told, now adhere to almost everything in South Florida. See U.S. v. One Gates Learjet, Serial No. 28004, 861 F.2d 868 (5th Cir.1988); State v. Dempsey, 22 Ohio St.2d 219, 259 N.E.2d 745 (1970). This claim is wholly irrelevant in this case, however, in which the cocaine was found on an implement which is usable only for the obviously knowing use of the drug.
Id. at 1002. In this case, unlike in Jones, trace amounts of the drug were found on circulating currency. It has been established by toxicological testing that cocaine in South Florida is so pervasive that microscopic traces of the drug can be found on much of the currency circulating in the area. Margaret Landers, Look Who Has Cocaine, Miami Herald, Feb. 19, 1985, at 1C.
In Florida, it is settled that in order to convict for possession of an illegal substance *1067 there must be "a conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession." State v. Eckroth, 238 So.2d 75 (1970); Reynolds v. State, 92 Fla. 1038, 1041, 111 So. 285, 286 (1926); see also L.J. v. State, 578 So.2d 360, 361 (Fla. 3d DCA 1991) (possession requires knowledge of the presence of the illicit substance). We hold, accordingly, that the mere presence of trace amounts of cocaine on a common object or implement in possession of an accused, where the object or implement is designed and widely used for other legitimate purposes, is insufficient to support a felony conviction for possession of cocaine in violation of section 893.13(1)(f), Florida Statutes (1991).
One in possession of a common object containing trace amounts of cocaine may be convicted of possession of drug paraphernalia, a first degree misdemeanor, where there is other evidence that the object was used by the possessor to ingest, prepare for ingestion, transport or facilitate the sale of a usable amount of contraband. Treating the discovery of trace amounts on an object as the basis for a paraphernalia prosecution is more consistent with the purpose of the drug law than charging the defendant with possession of a residue which presents no risk of future use or sale. Jones, 589 So.2d at 1004 (Ferguson, J., dissenting). Here, the defendant was not charged with the lesser offense.
Reversed.