663 So.2d 1337 (1994)
Richard LUPPER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1469.
District Court of Appeal of Florida, Fourth District.
November 23, 1994.
Rehearing, Rehearing, Clarification and/or Certification Denied December 15, 1995.
*1338 Richard L. Jorandby, Public Defender, and Eric M. Cumfer, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing, Rehearing En Banc, Clarification and/or Certification Denied December 15, 1995.
DELL, Chief Judge.
Richard Lupper appeals from his conviction for possession of cocaine and possession of drug paraphernalia. He raises five points on appeal, one of which requires us to reverse and remand for a new trial.
The record contains the following testimony. A police officer responded to a complaint from a business owner that persons were engaging in illegal drug activity in a dead end area behind his store. The officer went to this area and observed appellant sitting on an overturned paint container holding a beer can close to his face. Upon seeing the officer, appellant dropped the can on the ground. The officer picked up the can which was bent in the middle with several small puncture holes at the bend and at the bottom of the can. The can had burnt residue around the puncture holes and felt warm to the officer's touch. The officer testified that his training enabled him to identify the beer can as drug paraphernalia from its appearance. A forensic chemist established the residue found on the can as cocaine.
During the jury trial, appellant moved for judgment of acquittal at the close of the state's case and at the close of all evidence. The trial court denied both motions. The jury returned a guilty verdict on both counts.
Appellant contends the trial court erred in denying his motion for judgment of acquittal after the close of the state's case and in reading the standard jury instruction on possession and reasonable doubt. Appellant also asserts that the prosecutor improperly vouched for the credibility of a witness thereby creating fundamental, reversible error. We find no reversible error with respect to these points. Appellant has demonstrated, however, that the trial court erred when it responded to the jury's request to view evidence admitted at trial without consulting defense counsel.
Appellant argues the trial court should have granted an acquittal where the evidence did not establish a prima facie case of possession of cocaine or drug paraphernalia. Appellant maintains that mere possession of the beer can is consistent with possession of a common object used for the legitimate purpose of recycling aluminum cans. Appellant misplaces his reliance upon Lord v. State, 616 So.2d 1065 (Fla. 3d DCA 1993), to support this argument. In Lord, the jury convicted the defendant of possession of cocaine based upon evidence of traces of the drug found on a one-dollar bill which the police saw him discard. The Third District *1339 Court of Appeal, concluding that traces of cocaine on circulating currency is "pervasive" in South Florida, reversed the defendant's conviction. The court stated:
We hold, accordingly, that the mere presence of trace amounts of cocaine on a common object or implement in possession of an accused, where the object or implement is designed and widely used for other legitimate purposes, is insufficient to support a felony for possession of cocaine in violation of section 893.13(1)(f), Florida Statutes (1991).
Id. at 1066-67 (citations omitted). The distinguishing feature of the "common object" in Lord was that the unaltered appearance of the dollar bill permitted circulation to many persons while still retaining traces of cocaine. Here, the record shows that the beer can was bent in half, punctured with holes and warm to the officer's touch. Moreover, the officer testified that his training enabled him to identify the beer can as drug paraphernalia. Under such circumstances, the adulterated beer can must be excluded from the meaning of a "common object" as described in Lord. We also hold that the trace amount of burnt cocaine residue found on the altered beer can was sufficient to convict appellant of possession. See State v. Eckroth, 238 So.2d 75 (Fla. 1970) and Jones v. State, 589 So.2d 1001 (Fla. 3d DCA 1991). Thus, the trial court did not err in denying appellant's motion for judgment of acquittal.
Appellant further claims that the trial court erred when it read the standard jury instructions on possession and reasonable doubt. We find no merit in either claim. The jury could infer appellant's knowledge of the presence of cocaine from the trace amount of cocaine discovered on the beer can which was in his exclusive possession. See Fla.Std.Jury Instr. (Crim.) 227; see Bragg v. State, 433 So.2d 1375 (Fla. 2d DCA 1983). Furthermore, the supreme court has upheld the constitutionality of the reasonable doubt instruction. See Spencer v. State, 645 So.2d 377 (Fla. 1994); Esty v. State, 642 So.2d 1074 (Fla. 1994); accord Brown v. State, 565 So.2d 304, 307 (Fla.), cert. denied, 498 U.S. 992, 111 S.Ct. 537, 112 L.Ed.2d 547 (1990), abrogated on other grounds, Jackson v. State, 648 So.2d 85 (Fla. 1994).
Next, appellant argues that the prosecutor improperly vouched for the credibility of the investigating officer rather than relying on evidence presented at trial to support his credibility. The record shows, however, that appellant failed to object to the allegedly inflammatory statements made during closing arguments. We conclude that the effect of prosecutor's comments on the jury does not create fundamental error, and absent such error appellant failed to preserve this issue for appellate review. See Crump v. State, 622 So.2d 963, 972 (Fla. 1993). Even if appellant properly preserved this argument, the prosecutor's comments do not require reversal. See United States v. Fuentes, 877 F.2d 895, 901 (11th Cir.), cert. denied, 493 U.S. 943, 110 S.Ct. 347, 107 L.Ed.2d 335 (1989) and cert. denied, 493 U.S. 982, 110 S.Ct. 516, 107 L.Ed.2d 517 (1989); United States v. Dennis, 786 F.2d 1029 (11th Cir.1986), cert. denied, 481 U.S. 1037, 107 S.Ct. 1973, 95 L.Ed.2d 814 (1986).
In his final point on appeal, appellant argues that the trial court erred by sending the trace amounts of cocaine found on the beer can to the jury room without consulting defense counsel. The record reflects that during deliberations the jury sent a note to the trial judge that, "We would like to see the cocaine." The trial court sent the cocaine back to the jury room without any indication on the record as to the parties' assent or objection to the request. The state argues that Florida Rule of Criminal Procedure 3.410 does not apply since a jury may examine all evidence admitted at trial pursuant to Florida Rule of Criminal Procedure 3.400 without an express requirement of notice to all parties. The state therefore concludes that any failure to notify appellant of the jury's request should be construed as harmless error since the jury had the absolute right to view the cocaine.
The Supreme Court of Florida and this court have expanded the scope of rule 3.410 to encompass not only requests concerning instructions or testimony, but also requests to view tangible evidence, whether admitted at trial or not. See Bradley v. State, 513 So.2d 112 *1340 (Fla. 1987); Meyer v. Singletary, 610 So.2d 1329 (Fla. 4th DCA 1992). Stated simply, rule 3.400 specifies which materials may be taken into the jury room, and rule 3.410 controls the procedure which the trial court must follow to respond to a jury request. Under Meyer, the trial court's failure to allow the defense to participate or object to the response given to the jury constituted per se reversible error.
Accordingly, we reverse and remand this cause for a new trial.
REVERSED and REMANDED.
KLEIN, J., concurs.
STONE, J., dissents in part and concurs in part with opinion.
STONE, Judge, dissenting in part and concurring in part.
In my judgment, it is not per se reversible error for the court to respond to the jury's request by sending the requested evidence to the jury room. There was no communication between the court and the jury. The evidence was available for jury review under rule 3.400, Florida Rules of Criminal Procedure. Although not determinative, I note that there is no reason to assume from this record that all parties were not present when the court stated what was occurring. It is not asserted that the fact that the article sought here was an illicit drug is a significant factor in this decision. I also note that the procedure followed did not come as a surprise, as the last thing the court told the jury, without objection, before they retired was: "If you would like to examine anything in evidence, make that request in writing to my court officer."
I do not think Bradley mandates reversal and, if necessary, I would recede from any language indicating otherwise in Meyer. In all other respects, I concur with the majority opinion.