COPE, J.
Maurice Gilchrist appeals his conviction for possession of heroin. We conclude that the evidence was legally insufficient and reverse the judgment.
At the time of defendant-appellant Gilchrist’s arrest, he had a plastic baggie which contained specks of heroin. The entire weight, including the baggie, weighed less than one-tenth of a gram. Defendant was convicted of possession of heroin, a felony, and appeals.
In Lord v. State, 616 So.2d 1065 (Fla. 3d DCA 1993), this court said:
We hold, accordingly, that the mere presence of trace amounts of cocaine on a common object or implement in possession of an accused, where the object or implement is designed and widely used for other legitimate purposes, is insufficient to support a felony conviction for possession of cocaine in violation of section 893.13(l)(f), Florida Statutes (1991).
One in possession of a common object containing trace amounts of cocaine may be convicted of possession of drug paraphernalia, a first degree misdemeanor, where there is other evidence that the object was used by the possessor to ingest, prepare for ingestion, transport or facilitate the sale of a usable amount of contraband. Treating the discovery of trace amounts on an object as the basis for a paraphernalia prosecution is more consistent with the purpose of the drug law than charging the defendant with possession of a residue which presents no risk of future use or sale.
Id. at 1067 (citation omitted).
Defendant’s motion for judgment of acquittal based on the Lord decision should have been granted. The evidence was legally insufficient to convict him of possession of heroin.
Based on defendant’s statements at the time of arrest indicating that he was a heroin addict, the defendant could have been charged with possession of drug paraphernalia. However, the State made no such charge.
The judgment is reversed and the cause remanded with directions to discharge the defendant from the conviction in this case.
Reversed.