784 So.2d 1225 (2001)
Bonnie DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1602.
District Court of Appeal of Florida, Second District.
April 18, 2001.
James Marion Moorman, Public Defender, and Jennifer Y. Fogle, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
FULMER, Acting Chief Judge.
Bonnie Davis appeals the denial of her motion to dismiss the charge of possession of cocaine filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). Davis asserts that the evidence was insufficient to establish a prima facie case where the charge was based on her possession of cocaine residue found on a box cutter that was seized from her at the time she was arrested for another offense. We agree that the evidence was insufficient and, therefore, we reverse.
In Lord v. State, 616 So.2d 1065, 1067 (Fla. 3d DCA 1993), the defendant had discarded a crumpled dollar bill as the police approached. White dust on the currency proved to be a trace amount of cocaine. The Third District held that possession of an object that has a common legitimate use and that contains a trace amount of cocaine, without more, is insufficient to sustain a felony conviction for knowing possession of cocaine. This holding was based upon application of the settled principle that "in order to convict for possession of an illegal substance there must be `a conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession.'" Id. at 1066-67 (quoting State v. Eckroth, 238 So.2d 75, 76 (1970), and Reynolds v. State, 92 Fla. 1038, 1041, 111 So. 285, 286 (1926)). The court in Lord distinguished Jones v. State, 589 So.2d 1001 (Fla. 3d DCA 1991), where knowledge was presumed because in Jones the cocaine residue was found on "an implement which is usable only for the obviously knowing use of the drug." Id. at 1002.
Like the dollar bill in Lord, the box cutter seized from Davis is an object commonly used for legitimate purposes. Cf. Andrews v. State, 787 So.2d 54 (Fla. 2d DCA 2001) (upholding conviction for possession of cocaine based on residue found in glass pipe). Accordingly, we reverse the *1226 judgment of conviction. On remand, the trial court is directed to discharge Davis.
Reversed and remanded with directions.
NORTHCUTT and SILBERMAN, JJ., concur.