PER CURIAM.
Timothy Duke appeals his conviction for possession of cocaine with intent to sell. We affirm.
We reject defendant’s claim that he is entitled to a new trial on account of an improper closing argument made by the prosecutor. See Clark v. State, 363 So.2d 331, 334-35 (Fla.1978), overruled in part on other grounds, State v. DiGuilio, 491 So.2d 1129, 1137 n. 14 (Fla.1986).
The defendant argues that the evidence was legally insufficient to sustain the defendant’s conviction. The arresting officer testified that the defendant dropped a container which held nineteen plastic baggies and that the baggies contained cocaine residue. The parties stipulated that the substance in the baggies was cocaine, so there was no expert testimony or expert report which would clarify whether the baggies only contained residue or contained cocaine in some other form. The defendant made no motion for judgment of acquittal.
On appeal the defendant contends that the plastic baggies contained only cocaine residue, and the evidence was thus legally insufficient to sustain a conviction for possession of cocaine with intent to sell. See Lord v. State, 616 So.2d 1065, 1067 (Fla. 3d DCA 1993). It has been held that “a conviction imposed upon a crime totally unsupported by evidence constitutes fundamental error.” Troedel v. State, 462 So.2d 392, 399 (Fla.1984); Stanton v. State, 746 So.2d 1229, 1230 (Fla. 3d DCA 1999).
We do not-reach this issue. Because the defendant did not raise this issue in the trial court, the record was never clarified on whether the plastic baggies contained cocaine, or cocaine residue. We therefore affirm the conviction. This ruling is without prejudice to the defendant to file an appropriate motion for post-conviction relief if there is a legal basis to do so. We express no view on the merits of any such motion.
Affirmed.