ON MOTION FOR REHEARING

SCHWARTZ, Chief Judge.
We grant the state’s motion for rehearing of our previous reversal and, upon reconsideration after oral argument, now affirm the judgment below. As accurately portrayed by Judge Cope, the facts of the case obviously implicate and require the interpretation of the various Florida cases as to when a possession conviction may properly be based on an unmeasurably tiny quantity of contraband. See Lord v. State, 616 So.2d 1065 (Fla. 3d DCA 1993); Lupper v. State, 663 So.2d 1337 (Fla. 4th DCA 1994); Jones v. State, 589 So.2d 1001 (Fla. 3d DCA 1991). While these cases contain language, mostly in dictum, which may be used to support either result,[1] we *625 think that, taken as a whole, they entirely support our present conclusion that the evidence was sufficient to sustain the conviction.
This is so because, as in each of the determinative cases which so hold, the circumstances of this one — in which a residue of heroin was found inside a 10/16ths by 13/16ths of a inch “baggie” concealed in the shoe of an admitted heroin addict— negate any reasonable, commonsensible possibility that the contraband came only inadvertently into the defendant’s possession. See Jones, 589 So.2d at 1001 (tiny amount of cocaine on metal ribbon commonly used in smoking the drug found in defendant’s jacket pocket); Evans v. State, 543 So.2d 326 (Fla. 3d DCA 1989) (minuscule amounts of cocaine found in smoking pipe in defendant’s possession); see also Lupper v. State, 663 So.2d 1337 (Fla. 4th DCA 1994); Townsend v. State, 781 So.2d 541, (Fla. 5th DCA 2001); State v. Mayabb, 43 S.W.3d 429 (2001)(visible trace of methamphetamine on ink barrel found in defendant’s pocket and unweighable residue found on items in defendant’s house); State v. Carter, 773 So.2d 268 (La.App. 4 Cir.2000)(unweighable amount of heroin in foil packet and beer bottle cap on confessed heroin user); Joseph v. State, 897 S.W.2d 374 (Tex.Crim.App.1995)(defendant found holding syringe containing trace amount of cocaine); Scott v. State, 825 S.W.2d 521 (Tex.App.1992)(trace amount of cocaine found in baggies hidden in defendant’s pants); Thomas v. State, 807 S.W.2d 786 (Tex.App.1991)(unweighable amount of cocaine found in two baggies in defendant’s wallet), pet. for review dismissed, 840 S.W.2d 958 (1992); State v. White, 535 So.2d 929 (La.App. 2 Cir. 1988)(PCP residue found in glass vial in defendant’s jacket pocket), writ denied, 537 So.2d 1161 (1989); cf. Davis v. State, 784 So.2d 1225 (Fla. 2d DCA 2001)(Lord applied to cocaine trace on box cutter).
In contrast is Lord v. State, 616 So.2d at 1065, upon which the defendant and our initial opinion almost completely rely. Lord held only that the presence of trace amounts of cocaine on currency found in South Florida was not enough to establish that the defendant knew of its presence so as to hold him criminally liable for its possession. In Lupper, the court accurately characterized and distinguished Lord as follows:
Appellant maintains that mere possession of the beer can is consistent with possession of a common object used for the legitimate purpose of recycling aluminum cans. Appellant misplaces his rebanee upon Lord v. State, 616 So.2d 1065 (Fla. 3d DCA 1993), to support this argument. In Lord, the jury convicted the defendant of possession of cocaine based upon evidence of traces of the drug found on a one-dollar bill which the police saw him discard. The Third District Court of Appeal, concluding that traces of cocaine on circulating currency is “pervasive” in South Florida, reversed the defendant’s conviction. The court stated:
*626 We hold, accordingly, that the mere presence of trace amounts of cocaine on a common object or implement in possession of an accused, where the object or implement is designed and widely used for other legitimate purposes, is insufficient to support a felony for possession of cocaine in violation of section 893.13(l)(f), Florida Statutes (1991).
Id. at 1066-67 (citations omitted). The distinguishing feature of the “common object” in Lord was that the unaltered appearance of the dollar bill permitted circulation to many persons while still retaining traces of cocaine. Here, the record shows that the beer can was bent in half, punctured with holes and warm to the officer’s touch. Moreover, the officer testified that his training enabled him to identify the beer can as drug paraphernalia. Under such circumstances, the adulterated beer can must be excluded from the meaning of a “common object” as described in Lord. We also hold that the trace amount of burnt cocaine residue found on the altered beer can was sufficient to convict appellant of possession. See State v. Eckroth, 238 So.2d 75 (Fla.1970) and Jones v. State, 589 So.2d 1001 (Fla. 3d DCA 1991). (e.s.)
Lupper, 663 So.2d at 1338-1339.
This analysis reveals that Lupper controls this case and that Lord does not. Among other things, we do not know that heroin, unlike cocaine, is found in every other dust mote even in South Florida; we can hardly equate United States currency to a minuscule' drug container; and the contraband was found not on a surface upon which the heroin might have fallen but inside a receptacle where someone must have knowingly put it, and which itself had obviously deliberately been placed inside the defendant’s shoe. See and compare the statements in Lord, that “the possession of an object that has a common legitimate use, which contains trace amounts of cocaine, without more, is [not] sufficient to sustain a felony conviction” [e.s.], 616 So.2d at 1066; that “unlike in Jones, trace amounts of [cocaine] were found on circulating currency,” id. at 1066; and that “the mere presence of trace amounts of cocaine on a common object or implement in possession of an accused, where the object or implement is designed and widely used for other legitimate purposes, is insufficient to support a felony conviction” [e.s.], id. at 1067.
As in Jones, 589 So.2d at 1002-1003:
We are content to adopt the language, if not the holding of People v. Aguilar, 223 Cal.App.2d 119, 35 Cal.Rptr. 516 (1963), cited by appellant:
As forensic science, measuring devices and techniques improve, smaller and smaller amounts of residue are required for the chemist to detect the presence of the narcotic. The presence of the narcotic must be reflected in such form as reasonably imputes knowledge to the defendant.
Aguilar, 223 Cal.App.2d at 123, 35 Cal.Rptr. at 519.... The facts of this case obviously fall within this standard.
Affirmed.
GODERICH, J., concurs.

. The most problematic and dubious of these is the ultimate passage in Lord that:
*625 Treating the discovery of trace amounts on an object as the basis for a paraphernalia prosecution is more consistent with the purpose of the drug law than charging the defendant with possession of a residue which presents no risk of future use or sale. Jones, 589 So.2d at 1004 (Ferguson, J., dissenting).
Lord, 616 So.2d at 1067. We disassociate ourselves from this statement because, as indicated by the majority opinion in Jones, 589 So.2d at 1002, it is not only contrary to the statute, which does not require a measurable amount of contraband, but represents an example of judicial public policy making in which we are not permitted to indulge.