Levine, J.
The issue presented is whether appellant had sufficient knowledge of the presence of a trace amount of cocaine found in a brass fitting, when the fitting by itself *151 had legal uses. We find the state presented sufficient evidence that appellant knew of the presence of cocaine since the brass fitting had been altered with copper mesh in order to smoke cocaine, and burnt residue was visible in the device, and finally, the object was found in appellant’s pocket. Based on all these factors, we affirm. We find the other issue appellant raises to be without merit and we affirm on that issue without discussion.
During a search incident to arrest, Deputy Charles Bell found a “brass fitting” with copper mesh in appellant’s pocket.[1] Bell acknowledged that the brass fitting by itself had innocent uses and could be purchased at a home improvement store. However, both Bell and the forensic chemist, Salvatore Recco, identified the object as contraband because it had copper mesh stuck inside of it with burnt residue visible. Bell testified that based on his training and experience, the object was typically used to smoke drugs. Recco also characterized the object as a makeshift smoking device. Recco determined that the device contained a trace amount of cocaine, weighing less than .01 grams.
After the close of the state’s case-in-chief, defense counsel moved for a judgment of acquittal as to possession of cocaine, arguing that the state failed to prove appellant knew of the presence of cocaine in the brass fitting. The trial court denied the motion. The jury convicted appellant of possession of cocaine, and appellant appealed.[2]
The denial of a motion for judgment of acquittal is reviewed de novo. Pagan v. State, 830 So.2d 792 (Fla. 2002). An appellate court generally will not reverse a conviction that is supported by competent substantial evidence. Id. “If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.” Id. at 803.
In order to sustain a conviction for possession of cocaine, “[t]he presence of the narcotic must be reflected in such form as reasonably imputes knowledge to the defendant.” Jones v. State, 589 So.2d 1001, 1003 (Fla. 3d DCA 1991) (citation and emphasis omitted). As such, “the ordinary presumption that one has knowledge of drugs found in his possession may not apply when there are only trace amounts of drug ‘lint’ or ‘dust.’ ” Id. at 1002 (citation omitted). However, the presumption does apply when the substance is “found on an implement which is usable only for the obviously knowing use of the drug.” Id. (emphasis omitted).
Applying these principles to the instant case, the presence of cocaine was reflected in such a form as to reasonably impute knowledge to appellant. The cocaine was found on a brass fitting in appellant’s pocket. Because appellant had exclusive possession of the object, knowledge of the presence of cocaine was presumed. This presumption applied even though the cocaine was present in only a trace amount. Both Deputy Bell and the forensic chemist, Recco, testified that the brass fitting and copper mesh were commonly used to smoke cocaine, and there was burnt residue inside the wire mesh.
Lupper v. State, 663 So.2d 1337 (Fla. 4th DCA 1994), is also instructive. In that *152 case, this court affirmed a conviction for possession of cocaine where there was a trace amount of burnt cocaine residue on an altered beer can, which a police officer identified as drug paraphernalia. Similarly, the court in Andrews v. State, 787 So.2d 54 (Fla. 2d DCA 2001), affirmed a conviction for possession of cocaine where the defendant possessed a glass pipe with cocaine residue. The court explained that “[w]hile a simple glass pipe might have a lawful use, here, the glass pipe was described as one ‘commonly used for smoking street level narcotics’ and contained residue resulting from smoking cocaine.” Id. at 55 (citation omitted).
The copper fitting in the instant case is analogous to the altered beer can in Lup-per and the glass pipe in Andrews. Although the copper fitting has a lawful use, here it was altered with wire mesh commonly used for smoking cocaine and it contained burnt cocaine residue.
In sum, because competent substantial evidence supports appellant’s conviction, we affirm.

Affirmed.

. A “fitting” is typically used to make connections in piping and plumbing systems. See Piping and plumbing fitting, Wikipedia, https ://en. wikipedia. org/wild/Piping_and_ plumbing-fitting (last visited January 19, 2017).

. Although appellant was also convicted of possession of drug paraphernalia and possession of contraband in a county detention facility, he does not challenge those convictions.