PER CURIAM.
This cause is before us on appeal from a final order granting forfeiture of $1,424 and denying forfeiture of a 1987 Cadillac. On appeal, the State contends that the court should have ordered forfeiture of the vehicle as well. We reverse and remand for further proceedings consistent with this opinion.
On June 9, 1989, Officers Bowles and Clark observed appellee driving a 1987 Cadillac. When the vehicle came to a stop, a passenger exited and screamed that appel-lee had a gun and was going to kill her. Thereafter, appellee exited the vehicle with his hand in his pocket. Officer Bowles ordered appellee to remove his hand from his pocket and submit to a protective frisk search. Appellee’s pocket contained a crack pipe, a Tylenol bottle containing crack cocaine, and $1,424 in uniquely-folded $100 increments.
At the forfeiture hearing, Officer Bowles testified to the foregoing facts. The trial court found that there was probable cause to believe that the property subject to forfeiture was illicitly used within the meaning of the forfeiture statute, and required appellee to offer rebuttal evidence.
Appellee admitted ownership of the crack pipe and the Tylenol bottle but denied the existence of the crack cocaine. Appellee testified that Officer Bowles must have planted the cocaine on him. Furthermore, appellee admitted that he was driving the vehicle immediately before being arrested.[1] At the conclusion of the evidence, the trial court granted forfeiture of the currency but denied forfeiture of the automobile.
The trial court’s forfeiture of the currency is supported by the evidence that appel-lee possessed cocaine.[2] The same evidence, showing possession of cocaine, supports and requires forfeiture of the vehicle pursuant to Section 932.703, Florida Statutes.[3] *901 In State v. Crenshaw, 548 So.2d 223 (Fla.1989), the Supreme Court held that:
[Pjossessing drugs, even solely for personal use, subjects individuals not only to criminal penalties but also to forfeiture of the vehicle, boat, or aircraft in which the drugs are found. It makes no difference whether the drugs are on the seat, in the console, or in the occupant’s pocket.
The record before us fails to reveal any basis for denial of forfeiture of the vehicle under the statute. However, in an abundance of caution and due to lack of explanation in the order on review, we remand for reconsideration in the light hereof insofar as the order denies forfeiture of the vehicle.
Accordingly, we affirm in part and reverse in part, and remand for further proceedings consistent herewith.
BOOTH and MINER, JJ., and WENTWORTH, Senior Judge, concur.

. Ownership is not an issue, and appellee does not contend that the automobile is subject to lien.

. Appellee failed to file a brief in this matter and therefore waived review of the order awarding forfeiture of the currency.

. Section 932.703, Florida Statutes, states in pertinent part:
(1) Any vessel, motor vehicle, or aircraft; any other personal property; and any real property which has been or is being used in violation of any provision of s. 932.702, or in, upon, or by means of which any violation of that section has taken or is taking place, as well as any contraband article involved in the violation, may be seized and shall be forfeited subject to the provisions of this act.... In *901 any incident in which possession of any contraband article defined in s. 932.70 l(2)(a)-(d) constitutes a felony, the vessel, motor vehicle, aircraft, personal property, or real property in or on which such contraband article is located at the time of seizure shall be contraband subject to forfeiture, [emphasis added]