615 So.2d 806 (1993)
Pedro TRINIDAD, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-1315.
District Court of Appeal of Florida, Third District.
March 16, 1993.
*807 Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Leslie Schreiber, Asst. Atty. Gen., for appellee.
Before BASKIN, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, Pedro Trinidad, appeals his convictions and sentences for possession of marijuana and resisting arrest without violence. We affirm in part and reverse in part.
After a high speed chase, appellant stopped his car and fled on foot. A police officer caught and arrested appellant, and, after searching appellant, the officer found a portion of a purported marijuana cigarette.
At trial, the officer testified about the incident. The only evidence relating to the marijuana charge was the officer's testimony concluding that appellant's partial cigarette was marijuana. This conclusion was based on the arresting officer's experience. The alleged marijuana cigarette was available, but was not brought to trial. Further, the State did not introduce a lab report.
When the State rested, and again after appellant rested, appellant moved for a judgment of acquittal on the marijuana charge because the State failed to prove that appellant possessed marijuana. Ultimately, the trial court denied the motion.
The trial court, without a contemporaneous objection from appellant, failed to instruct the jury on all the elements of the resisting arrest charge. The trial court did, however, submit the correct written instruction to the jury room during the jury's deliberations. Appellant was convicted of the possession of marijuana charge and the resisting arrest without violence charge.
Appellant asserts that the State failed to prove the possession charge by not introducing the marijuana or any other evidence other than the police officer's opinion testimony that appellant possessed marijuana. Appellant further contends that in spite of appellant's failure to object, the trial court's incorrect oral jury instruction was fundamental and reversible error.
Appellee contends that the arresting officer's opinion that the partial cigarette was marijuana was sufficient, without more, to prove the possession charge. Appellee further asserts that appellant's failure to object, together with the written jury instructions being submitted to the jury, negate any claim of reversible error.
In G.E.G. v. State, 417 So.2d 975, 977 (Fla. 1982), the Florida Supreme Court held that when a defendant is charged with possession of a controlled substance, that substance, if available, must be introduced into evidence but that a defendant who fails to object to its non-introduction may not be heard to complain of the error on appeal. Here, there was no showing in the record that the substance was unavailable. To the contrary, the State explained that the evidence was available but it was not brought to trial. Therefore, because the substance was available, it must be introduced into evidence. G.E.G. v. State, 417 So.2d at 977.
*808 Additionally, appellant's argument was sufficient to apprise the trial court that he was objecting to the State's non-introduction of the substance. Therefore, we conclude that appellant's motion for judgment of acquittal should have been granted.
In his second point on appeal, appellant argues that the trial court committed fundamental error by failing to instruct the jury on all of the elements of the resisting arrest without violence charge. This argument is without merit.
Appellant did not object to the instructions when given or at the close of the jury charge. In the absence of fundamental error, failure to object to the instructions as given precludes review of those instructions on appeal. State v. Delva, 575 So.2d 643 (Fla. 1991); Squires v. State, 450 So.2d 208, 211 (Fla.), cert. denied, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984); Castor v. State, 365 So.2d 701 (Fla. 1978); Courson v. State, 414 So.2d 207 (Fla. 3d DCA 1982). Appellant has not demonstrated fundamental error because the trial court sent a complete set of written jury instructions into the jury room while the jury deliberated.
We note that Rule 3.390(b), Florida Rules of Criminal Procedure, does not mandate that written jury instructions be submitted to the jury in non-capital cases. However, the trial court, in doing so, should be commended for such practice. The submission may clear up jury instruction questions and ultimately save precious time, which is one of the most valuable assets of a trial court.
Accordingly, appellant's conviction for possession of marijuana is reversed because the State failed to prove that appellant possessed marijuana. Appellant's conviction for resisting arrest without violence is affirmed because appellant failed to object to the instructions and because the correct written instructions were submitted to the jury during their deliberations.
Affirmed in part, and reversed in part.