711 So.2d 1154 (1998)
Montrey MACK, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00556.
District Court of Appeal of Florida, Second District.
January 16, 1998.
Rehearing Denied June 8, 1998.
James Marion Moorman, Public Defender, Bartow, and Richard J. Sanders, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Montrey Mack challenges his convictions for delivery of cocaine and possession of cocaine with intent to sell. We reverse his convictions because the State never introduced the cocaine into evidence at trial.
In G.E.G. v. State, 417 So.2d 975, 977 (Fla. 1982), our supreme court held that "when a defendant is charged with possession of a controlled substance that substance, if available, must be introduced into evidence...." The G.E.G. court also held that failure to introduce contraband was not fundamental error; the defense must object to the non-introduction. Mack did so here. His counsel moved for judgment of acquittal at the end of the State's case. He told the court: "Specifically, the State has failed to introduce any evidence of cocaine ... they failed to introduce any evidence as to whether or not the cocaine was destroyed or any evidence at all concerning that cocaine." See Trinidad v. State, 615 So.2d 806 (Fla. 3d DCA 1993) (motion for judgment of acquittal arguing that State failed to prove defendant possessed marijuana sufficient objection to State's non-introduction of physical evidence). After Mack's counsel made this argument, the State offered no excuse or explanation why it had not introduced the cocaine. See G.E.G., 417 So.2d at 977 n. 2. While G.E.G. involved a charge of possession of contraband, we see no reason that its holding would not apply equally to a charge of delivery of drugs. G.E.G. requires that we reverse Mack's convictions.
Reversed and remanded with directions to discharge Montrey Mack.
ALTENBERND, A.C.J., and WHATLEY, J., concur.