780 So.2d 1020 (2001)
Dwight MARRISETTE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1695.
District Court of Appeal of Florida, Fourth District.
March 28, 2001.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael J. Neimand, Assistant Attorney General, Fort Lauderdale, for appellee.
POLEN, J.
Dwight Marrisette timely appeals after a jury found him guilty as charged of possession of cocaine and possession with *1021 intent to use drug paraphernalia. He argues that because the state failed to introduce the cocaine into evidence, and also failed to show the cocaine was otherwise unavailable, the court should have granted him a judgment of acquittal on the cocaine possession charge. We agree and reverse this conviction.
On the date in question, officers in an unmarked car observed Marrisette in an open field waiving his hands toward the vehicle. When Marrisette realized they were police officers, he threw something toward the front of their vehicle. Deputy Rodriguez picked up the object and saw that it was a glass pipe. She performed a Valtox screen test on the pipe to determine the presence of cocaine. She did not testify as to what her screen test revealed. The deputy then sent the pipe to the state's chemist, who later determined the pipe to contain cocaine residue. The state introduced the pipe into evidence, but not the cocaine.
After the state rested, Marrisette moved for a judgment of acquittal, arguing the state's failure to introduce the actual cocaine into evidence was fatal. The state argued in response that there was no actual cocaine left because only residue was found on the pipe. Marrisette countered that there was no testimony as to what happened to the residue, only that there was less than one gram of cocaine found in the pipe. The court denied his motion, as well as his renewed motion at the close of the case. He was convicted as charged.
In Trinidad v. State, 615 So.2d 806 (Fla. 3d DCA 1993), the court held that when a defendant is charged with possession of a controlled substance, that substance, if available, must be introduced into evidence. Id. at 807 (citing G.E.G. v. State, 417 So.2d 975, 977 (Fla.1982)). The reason for this rule is embedded in "best evidence" principles. G.E.G., 417 So.2d at 977. As an implicit exception to this rule, the state is excused from introducing the drugs into evidence if they were unavoidably destroyed during testing. Id. at 977 n. 2.
Because the state in the instant case failed to introduce the cocaine into evidence, under G.E.G. and Trinidad, it had the burden of proving that the substance was unavoidably destroyed during testing. It did not meet this burden. Without some testimony, as opposed to the unsworn argument of the prosecutor, as to why the cocaine was unavailable at trial, the court should have granted Marrisette a judgment of acquittal on the cocaine possession charge.
Marrisette also argues we should reverse his conviction for possessing drug paraphernalia. We affirm his conviction here, for there was testimony that the pipe seized was a crack cocaine pipe and, based on the chemist's testimony, the jury could have inferred that Marrisette possessed it with the intent to use it. However, we reverse the court's written judgment only insofar as it erroneously reflects Marrisette pled to this charge rather than having been convicted of it following a trial.
AFFIRMED in part; REVERSED in part and REMANDED to vacate conviction and sentence for possession of cocaine, and to correct judgment with respect to conviction of drug paraphernalia in accordance with this opinion.
WARNER, C.J., and SHAHOOD, JJ., concur.