843 So.2d 313 (2003)
Felix ORTIZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5209.
District Court of Appeal of Florida, Second District.
March 28, 2003.
Rehearing Denied April 23, 2003.
*314 James Marion Moorman, Public Defender, Bartow, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Felix Ortiz challenges his convictions and sentences for resisting an officer with violence, possession of cocaine, and battery. We affirm Ortiz's resisting arrest and battery convictions without comment but reverse on the possession charge.
Ortiz argues that the trial court erred in denying his motion for judgment of acquittal as to the cocaine possession charge. He maintains that the evidence was insufficient to support a conviction for possession of cocaine because the State failed to introduce the cocaine into evidence. We agree.
"[W]hen a defendant is charged with possession of a controlled substance, that substance, if available, must be introduced into evidence but ... a defendant who fails to object to its nonintroduction may not be heard to complain of the error on appeal." G.E.G. v. State, 417 So.2d 975, 977 (Fla.1982). Here, defense counsel raised the nonintroduction of the cocaine, and neither the FDLE lab chemist nor the officer who discovered the cocaine testified that the cocaine was not available. See also Mack v. State, 711 So.2d 1154, 1154 (Fla. 2d DCA 1998) ("After [defense] counsel made this argument, the State offered no excuse or explanation why it had not introduced the cocaine.").
Accordingly, we reverse Ortiz's cocaine possession conviction but affirm his resisting an officer with violence and battery convictions.
Affirmed in part, reversed in part.
NORTHCUTT, J., Concurs.
ALTENBERND, C.J., Dissents with opinion.
ALTENBERND, Chief Judge, Dissenting.
I understand why the court feels compelled to reverse the conviction for possession of cocaine. This court extended the rule announced in G.E.G. to possession of *315 cocaine in a case in which I participated. See Mack v. State, 711 So.2d 1154 (Fla. 2d DCA 1998). Nevertheless, I dissent because I conclude that Mr. Ortiz did not adequately preserve this issue and that the evidence introduced by the State established a prima facie case of possession of cocaine.
Mr. Ortiz was arrested for offenses unrelated to this cocaine. When his wallet was inventoried during the booking process, an officer discovered a dollar bill folded into a small rectangle. When the officer unfolded the dollar, a white powdered substance fell out. The substance field tested positive for cocaine. The evidence was preserved and sent to the FDLE laboratory. The laboratory tests confirmed that the substance was cocaine.
At trial, the officer who discovered the cocaine was allowed to testify without objection that she discovered the dollar bill, that the powder looked like cocaine from her experience, and that it field tested positive for cocaine. The State presented testimony from a crime laboratory analyst. Without objection, she testified that she received and tested the powder. In her expert opinion, the substance was cocaine. She identified her written laboratory report, which was admitted into evidence without objection.
After the State rested, Mr. Ortiz moved for a judgment of acquittal. His motion was based on Davis v. State, 784 So.2d 1225 (Fla. 2d DCA 2001), and Lord v. State, 616 So.2d 1065 (Fla. 3d DCA 1993), which stand for the proposition that trace amounts of cocaine on common items are not sufficient to prove knowing possession of cocaine. Only in passing, and as part of his reply to the State's response, did Mr. Ortiz's lawyer mention that the State did not put the cocaine into evidence. Neither G.E.G. nor any of the similar cases were discussed at that time. No one suggested that the State had some burden to explain what had happened to the cocaine after it was tested by FDLE. The trial court denied the motion for judgment of acquittal because the officer's testimony established more than trace amounts of cocaine on the dollar bill. My disagreement in this case is both legal and practical. From a legal standpoint, I do not believe the defendant has preserved this issue. It is arguable that neither the officer nor the analyst should have been permitted to render an opinion about the nature of the substance before it was admitted into evidence. However, by permitting both the officer and the technician to testify that the substance was cocaine, I believe that the defendant waived his option to demand that the substance be placed in evidence. See Houston-Hult v. State, 843 P.2d 1262 (Alaska Ct.App.1992); but see Marrisette v. State, 780 So.2d 1020 (Fla. 4th DCA 2001). Moreover, G.E.G., which attempted to create a "Solomonic" solution, requires that the defendant put the trial court on notice of this issue so that the State can reopen its case, if necessary, to introduce the drugs. G.E.G., 417 So.2d at 977-78. Just as the defendant in G.E.G. failed to preserve the issue by an express objection, I believe Mr. Ortiz failed to preserve this issue.
From a practical perspective, powdered cocaine is somewhat different from the marijuana involved in G.E.G. A jury might conceivably be able to examine a quantity of alleged marijuana during its deliberations and decide that this evidence could be tobacco or some other similar substance. It requires expertise to distinguish powdered cocaine from other similar white powders. Virtually all trial judges prohibit juries from taking powdered cocaine into the deliberation room. Even if the powder is available to the jury, it will be sealed in an opaque plastic container. *316 The defense in this case never requested any opportunity to test the evidence to confirm the tests performed by the officer and the technician. Thus, the jury was required to rely upon the testimony of the officer and the laboratory technician when deciding that the powder was cocaine.
The only realistic argument that a defendant can make in this type of case is that the cocaine was not in his billfold and that the police obtained the illegal drug from some other source. It may be somewhat easier to make that argument if the State does not introduce the actual cocaine into evidence, but I fail to see why a prima facie case of possession is not established by the evidence presented in this case.
Although I have not performed exhaustive research on this subject, I would note that support exists for the proposition that the State can prove a prime facie case of drug possession based on the type of evidence presented in this case. See Houston-Hult, 843 P.2d 1262; Rogers v. State, 656 S.W.2d 511 (Tex.Ct.App.1983).
I would hold that, in the absence of some indication of bad faith, the State proves a prima facie case of possession of cocaine when it presents, without objection, testimony establishing a chain of custody of cocaine from the defendant to the laboratory analyst and expert testimony that the substance tested positive for cocaine. I would not permit G.E.G. to control the outcome unless the defendant expressly objected to this procedure or sought unsuccessfully to test the evidence prior to trial.