841 So.2d 661 (2003)
Vicki PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4780.
District Court of Appeal of Florida, Fourth District.
April 9, 2003.
*662 Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
In challenging her conviction for cocaine possession, appellant claims the court erred in failing to grant her motion for judgment of acquittal, as the state failed to introduce the cocaine she possessed into evidence. Because the cocaine was mere residue, and the cocaine pipe with the residue was introduced into evidence, the trial court correctly denied the motion. We therefore affirm.
When an officer retrieved a pipe dropped by appellant while riding a bike, he conducted a field test for traces of drugs. The test caused a blue color to appear which indicated the presence of cocaine. A forensic chemist tested the stem portion of the pipe by using a rinse solution. She tested only the stem, not the bottle of the pipe, because she did not want the blue colored residue caused by the officer's field test to interfere with her test. The residue in the stem tested positive for cocaine. There was no evidence as to what occurred to the residue tested by the chemist.
The state rested after presenting only the testimony of the officer and the chemist. The defense then moved for a judgment of acquittal arguing the state's failure to introduce the cocaine into evidence or explain that the cocaine was unavoidably destroyed during testing, constituted grounds for acquittal. The motion was denied. The defense rested and the jury found appellant guilty. After conviction and sentence, appellant filed this appeal.
When the state charges a defendant with possession of a controlled substance, the state must introduce the substance into evidence unless excused by its destruction during testing. See G.E.G. v. State, 417 So.2d 975, 977 n. 2 (Fla.1982). Appellant contends that our decision in Marrisette v. State, 780 So.2d 1020 (Fla. 4th DCA 2001), requires reversal. We disagree. In Marrisette, also a cocaine pipe case, the state introduced the pipe into evidence, but not the cocaine. 780 So.2d at 1021. We held that where the testimony failed to account for what happened to the residue in the pipe and why it was unavailable at trial, the court erred in denying a motion for judgment of acquittal. See id. In the present case, however, the state actually introduced the cocaine into evidence. The state introduced the pipe, which exhibited a blue color. The officer testified that the blue color resulted from his test of cocaine, which turned the residue blue. Therefore, unlike Marrisette, the substance, in the form of blue residue, was introduced.
The quantity of drugs possessed is immaterial for a possession charge. See Jones v. State, 589 So.2d 1001, 1002 (Fla. 3d DCA 1991) (quoting State v. Eckroth, *663 238 So.2d 75, 77 (Fla.1970)) (citations omitted) (holding "infinitesimal `residue' of cocaine found on a small piece of metal ribbon" contained in jacket pocket was sufficient to sustain possession conviction). The evidence presented was sufficient to overcome the motion for judgment of acquittal.
Affirmed.
STONE and MAY, JJ., concur.