SHAHOOD, J.
Appellant, R.R., appeals the Disposition Order entered against him on the charge of possession of marijuana less than 20 grams. Specifically, appellant urges that the trial court erred in denying his motion for judgment of acquittal after the state failed to introduce into evidence the alleged controlled substance. We reverse and remand with directions that appellant’s conviction be vacated and appellant be discharged.
During a random vehicle search, at Wellington High School, a canine alerted to the presence of drugs in appellant’s vehicle. Appellant was summoned to the parking lot and consented to a search of his vehicle. The smell of burnt marijuana was noticeable when the door was opened. The search yielded a plastic cigar case containing a brown leafy substance, and rolling papers. In addition, there was, what appeared to be, residue of marijuana on the armrest of the door and the floor board. A field test on the brown, leafy substance confirmed that it was marijuana. As a result, appellant was arrested.
At trial, the state attempted to have a chemist testify, based upon a report containing appellant’s name, that the substance tested positive for marijuana and what the amount was. The court sustained a defense objection to the testimony based on the fact that there was no physical evidence introduced.
After the state rested, having presented only the testimony of the arresting officer, defense counsel moved for judgment of acquittal. She argued that, despite the officer’s testimony that he smelled marijuana and the evidence that the substance field tested positive for marijuana, appellant was entitled to judgment of acquittal based on the State’s failure to produce the physical evidence, the marijuana. The court denied that motion, as well as a renewed motion at the close of the case.
Appellant argues here that the trial court erred in denying his motion for judgment of acquittal based on the state’s failure to introduce the marijuana into evidence where there was no evidence that it was not available. When a defendant is charged with possession of a controlled substance, that substance must be introduced into evidence if it is available. G.E.G. v. State, 417 So.2d 975, 977 (Fla.1982). An exception to the rule is if it was unavoidably destroyed during testing. Id. at 977 n. 2. When the state fails to introduce the controlled substance into evidence, it has the burden of proving that the substance was unavoidably destroyed during testing. See Marrisette v. State, 780 So.2d 1020, 1021 (Fla. 4th DCA 2001). When the state fails to meet this burden, judgment of acquittal should be entered on the possession charge. See id.
*610 Accordingly, we reverse and remand with directions that appellant’s conviction be vacated and that he be discharged.
REVERSED AND REMANDED WITH DIRECTIONS.
GUNTHER and TAYLOR, JJ., concur.