870 So.2d 71 (2003)
Marquel D. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3827.
District Court of Appeal of Florida, Second District.
November 14, 2003.
James Marion Moorman, Public Defender, and Howardene Garrett, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Marquel D. Williams challenges his convictions and sentences for delivery of cocaine and possession of cocaine. Because the State failed to introduce the cocaine into evidence at trial and did not explain such failure, we reverse.
The Florida Supreme Court has held that "when a defendant is charged with possession of a controlled substance, that substance, if available, must be introduced into evidence but ... a defendant who fails to object to its nonintroduction may not be heard to complain of the error on appeal." G.E.G. v. State, 417 So.2d 975, 977 (Fla. 1982). Here, Williams' counsel raised the nonintroduction while moving for judgment of acquittal. When the trial court denied the motion, nothing more was said by the trial court or either party regarding the introduction of the cocaine. See Ortiz v. State, 843 So.2d 313, 314 (Fla. 2d DCA 2003) (holding evidence insufficient where "defense counsel raised the nonintroduction of the cocaine, and neither the FDLE lab chemist nor the officer who discovered *72 the cocaine testified that [it] was not available"); Mack v. State, 711 So.2d 1154, 1154 (Fla. 2d DCA 1998) ("After [defense] counsel made this argument, the State offered no excuse or explanation why it had not introduced the cocaine.").
We accordingly reverse Williams' convictions and remand with directions to discharge Williams.
Reversed and remanded.
NORTHCUTT and STRINGER, JJ., concur.