NORTHCUTT, Judge.
The State filed a petition alleging that D.R.S. was a delinquent child because he possessed marijuana. After a bench trial, the circuit court found D.R.S. guilty, withheld adjudication of delinquency, and ordered him to obtain substance abuse treatment. In this appeal, D.R.S. challenges the sufficiency of the evidence to support the finding of guilt based on the fact that the State failed to introduce the marijuana at trial. We reverse.
“[W]hen a defendant is charged with possession of a controlled substance, that substance, if available, must be introduced into evidence....” G.E.G. v. State, 417 So.2d 975, 977 (Fla.1982). But a defendant may not raise this issue for the first time on appeal; he or she must put the trial court on notice that the error has occurred. Id. D.R.S. sufficiently preserved this error. When the State first attempted to introduce the marijuana, D.R.S.’s counsel objected on the ground that the chain of custody had not been established. The court sustained the objection. Then, in closing argument, counsel asked the court to find D.R.S. not guilty because “[t]here is no marijuana in evidence right now.” Moreover, the prosecutor had also pointed out this defect to the court. The G.E.G. court remarked that if a trial court knew of the defect in the State’s case, it “would undoubtedly permit the [S]tate to reopen its case to offer the contraband as evidence.” 417 So.2d at 978.
This court has followed G.E.G. numerous times. See Ortiz v. State, 843 So.2d 313, 314 (Fla. 2d DCA 2003); Williams v. State, 870 So.2d 71 (Fla. 2d DCA 2003); Mack v. State, 711 So.2d 1154 (Fla. 2d DCA 1998). But in the face of this longstanding case law, and D.R.S.’s argument, the State did not specifically ask to reopen its case in order to place the marijuana in evidence. We must reverse the court’s finding that D.R.S. was guilty of the offense, and we remand with directions to enter a dismissal.
VILLANTI and LaROSE, JJ„ Concur.