82 So.3d 967 (2011)
Tyrone FLEMING, Appellant,
v.
STATE of Florida, Appellee.
No. 4D10-972.
District Court of Appeal of Florida, Fourth District.
August 10, 2011.
Opinion on Denial of Rehearing November 23, 2011.
*968 Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

EN BANC
POLEN, J.
Appellant Tyrone Fleming appeals his judgment and sentence that the trial court ordered pursuant to two charges against him, including a possession of cocaine charge, and raises the issue of the denial of his motion for judgment of acquittal on the cocaine charge. In an earlier decision, Marrisette v. State, we held that "[w]ithout some testimony ... as to why the cocaine was unavailable at trial, the court should have granted Marrisette a judgment of acquittal on the cocaine possession charge." 780 So.2d 1020, 1021 (Fla. 4th DCA 2001). By en banc decision, we now recede from Marrisette and affirm the denial of Fleming's motion for judgment of acquittal.
On the date of Fleming's arrest, Deputy Braga and Deputy Lindquist, Braga's zone partner, were patrolling when they encountered a man or individual standing in *969 front of an abandoned building. The man or individual, later identified as Fleming, saw Braga's and Lindquist's patrol vehicles and started walking fast around the building. When Braga made contact with Fleming, Fleming threw a crack cocaine pipe that was in his hand. Braga recovered the pipe at which time it was still "hot to the touch," meaning it was recently used.
After detaining Fleming, Braga performed a field test on the pipe to check for the presence of narcotics. For this type of test, the officer uses a clean cotton swab in the pipe and then puts the specimen in a vial that contains a liquid. If there are traces of a drug on the cotton swab, the sample turns blue. Here, the test indicated the presence of cocaine in the pipe. The pipe was then placed into evidence. No other cocaine or residue was found on Fleming.
Julie Bacigalupi, a forensic chemist for the Broward Sheriff's Office, was called by the State as an expert who has performed approximately 340 chemical analyses during her employment with the Broward Sheriff's Office. Bacigalupi was shown the pipe that was entered into evidence and testified that she performed two testsa crystalline test using a microscope and an alcohol test using a gas machineto graph the components of the substance. During these tests, Bacigalupi found the presence of cocaine in the pipe. Bacigalupi was unable to weigh the cocaine because residue was "too small of an amount to actually be weighed." When asked to produce the cocaine for this possession case, Bacigalupi testified that she can only share her data, that the vial and slide she tested are back in the lab, and that there was most likely still cocaine present in the pipe. Bacigalupi reached this conclusion based on the strong sample that was present during testing.
At the close of trial, the defense moved for judgment of acquittal on the cocaine charge because it was very clear there was no cocaine in this case. The trial court denied the motion for judgment of acquittal after citing case law from this court, stating that the court should not grant a motion for judgment of acquittal unless the evidence, when viewed in the light most favorable to the State, fails to establish a prima facie case of guilt. The trial court determined that the State provided the jury with enough evidence to infer that Fleming was either guilty or not guilty of the offense. Therefore, the trial court denied the motion. The defense then renewed the motion and that motion was also denied by the court. This appeal followed.
In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction that is supported by competent, substantial evidence. There is sufficient evidence to sustain a conviction if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt.
Johnston v. State, 863 So.2d 271, 283 (Fla. 2003) (internal citations omitted).
Fleming argues that the trial court should have granted his motion for judgment of acquittal because no cocaine was admitted into evidence at trial. Fleming and the State relied on Marrisette and Peterson v. State, 841 So.2d 661, 662 (Fla. 4th DCA 2003), both out of this court, to support their opposing positions.
In Marrisette, appellant was charged with possession of cocaine and possession of paraphernalia. 780 So.2d at 1021. After the court denied Marrisette's motion for judgment of acquittal, Marrisette argued that the trial court erred because no cocaine was introduced into evidence and *970 no testimony showed that the cocaine was unavailable or "unavoidably destroyed during testing." Id. at 1021. The State responded that no actual cocaine, just residue, was found, but Marrisette maintained that no testimony was given in regards to what happened to the residue. Id. The court agreed with Marrisette and held that "[w]ithout some testimony ... as to why the cocaine was unavailable at trial, the court should have granted Marrisette a judgment of acquittal on the cocaine possession charge." Id.
In Peterson, appellant was convicted for cocaine possession. 841 So.2d at 662. Peterson moved for judgment of acquittal and the motion was denied. Id. This court affirmed the trial court's denial of Peterson's motion for judgment of acquittal. Id. Peterson is distinguished from Marrisette because Peterson's cocaine pipe, which contained the residue and exhibited a blue color from positive testing, was admitted into evidence. Id. This court stated that "[w]hen the state charges a defendant with possession of a controlled substance, the state must introduce the substance into evidence unless excused by its destruction during testing." Id. (citing G.E.G. v. State, 417 So.2d 975, 977 n. 2 (Fla.1982)); see also Trinidad v. State, 615 So.2d 806 (Fla. 3d DCA 1993) (explaining that controlled substances must be admitted into evidence, if available).
In Peterson, this court further explained that "[i]n Marrisette ... [w]e held that where the testimony failed to account for what happened to the residue in the pipe and why it was unavailable at trial, the court erred in denying a motion for judgment of acquittal." Id. However, in receding from Marrisette, we now hold that sufficient evidence exists for conviction on a possession of cocaine charge if a chemist or expert who is called by the State testifies that he or she tested the substance on the pipe and the test yielded positive results for cocaine. This testimony is sufficient unless the jury disbelieves the testimony.
In the instant case, the pipe was admitted into evidence and testimony of the expert, Bacigalupi, further explained that the strong sample gave rise to the theory that cocaine still existed in the pipe. She also testified that her samples were residual, thus could not be weighed or handled, and the tests were still in the lab. Under our new standard, Bacigalupi's testimony that she found cocaine in the pipe and that the amount of residue was too small to be weighed but was present is now sufficient to deny a motion for judgment of acquittal.
Likewise, if circumstances so indicated and the expert called by the State testifies that residue existed at the time of the tests and that the tests he or she performed were destroyed, the testimony would be more than sufficient. Nonetheless, Bacigalupi's testimony that she performed tests which rendered positive results for cocaine was enough to support a possession of cocaine charge.
Accordingly, based on this en banc decision to recede from Marrisette, Bacigalupi's testimony and explanation as to the unavailability of the evidence is now sufficient for a possession of cocaine charge. Therefore, we affirm the trial court's denial of Fleming's motion for judgment of acquittal.
Affirmed.
MAY, C.J., WARNER, STEVENSON, GROSS, TAYLOR, HAZOURI, DAMOORGIAN, CIKLIN, GERBER, LEVINE and CONNER, JJ., concur.

*971 ON MOTION FOR REHEARING EN BANC
POLEN, J.
Having previously en banced this case, in order to recede from our prior opinion in Marrisette v. State, 780 So.2d 1020 (Fla. 4th DCA 2001), we now consider en banc Fleming's issue as to the application of Shelton v. Secretary, Department of Corrections, 802 F.Supp.2d 1289 (2011). Considering the matter en banc, we deny rehearing for the reasons set forth below.
In his motion for rehearing en banc, Fleming raised for the first time that the statute under which he was convicted, section 893.13, Florida Statutes, is facially unconstitutional based on the analysis set forth in Shelton. In Shelton, the district judge found section 893.13 to be unconstitutional because it removed the element of mens rea from drug possession laws, creating a strict liability offense. Id. at 1296-98. The Shelton court held that in order for such an offense to be constitutional, the defendant cannot be subjected to harsh penalties, substantial social stigma, or regulation of inherently innocent conduct, and that section 893.13 does all three. Id. at 1300-06.
This court is aware that Shelton issues are now being raised by defendants at various stages of the appellate process. If the Shelton issue is raised before a decision on the merits, even if it was not raised at the trial court level, this court will consider the issue. However, if the Shelton issue is not raised prior to a decision on the merits, this court will not consider the issue on a motion for rehearing or motion for rehearing en banc. Here, this court issued an opinion as to the merits of Fleming's case in Fleming v. State, No. 4D10-972, 2011 WL 3477056 (Fla. 4th DCA Aug.10, 2011). Subsequently, Fleming filed a motion for rehearing en banc, raising for the first time an issue as to the constitutionality of section 893.13, Florida Statutes, under the analysis set forth in Shelton. Because the issue was not raised prior to a decision on the merits, this court will not take it into consideration. As such, we deny Fleming's motion for rehearing en banc.
Rehearing Denied.
MAY, C.J., WARNER, STEVENSON, GROSS, TAYLOR, HAZOURI, DAMOORGIAN, CIKLIN, GERBER, LEVINE and CONNER, JJ., concur.