IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BREVARD COUNTY SHERIFF'S OFFICE,

        Appellant,

v.

        Case No. 5D15-3390

KEVIN CHARLES BROWN,

        Appellee.

_____/

Opinion filed February 3, 2017

Appeal from the Circuit Court
for Brevard County,
George W. Maxwell III, Judge.

Jason M. Gordon and Robin M.L. Cornell,
of Gordon & Cornell, Cocoa Beach, for
Appellant.

Reed C. Cary, of Law Office of Reed C.
Cary, Melbourne, for Appellee.


BERGER, J.

During the execution of a search warrant, members of the Brevard County Sheriff's

Office (Brevard) located a glass pipe containing methamphetamine residue inside Kevin

Brown's 1997 Chevrolet Corvette.[1]  Thereafter, Brevard sought forfeiture of Brown's

_____

[1] The following additional items of contraband were found in and around Brown's home: nine grams of ecstasy, forty-three packages of pseudoephedrine, lithium batteries, coffee filters, methamphetamine, two digital scales, cannabis, small plastic baggies, one

Corvette under the Florida Contraband Forfeiture Act (FCFA). See §§ 932.701-.706, Fla. Stat. (2015). At the adversarial preliminary hearing, the trial court dismissed Brevard's complaint, with prejudice, after concluding possession of the pipe was insufficient to establish that the Corvette was used in committing or aiding and abetting the commission of a felony. Brevard argues this was error. It insists that possession of the pipe constitutes a felony offense, regardless of how it was charged, because the pipe field-tested positive for methamphetamine and, further, that because it was unlawful for Brown to conceal the pipe in the Corvette, the Corvette was subject to forfeiture under the FCFA. We agree and reverse.

As we have previously recognized, forfeiture proceedings involve a two-step process. Patel v. State, 141 So. 3d 1239, 1244 (Fla. 5th DCA 2014) (citing Gomez v. Vill. of Pinecrest, 41 So. 3d 180, 184 (Fla. 2010)). The first stage, outlined in section 932.703(2), Florida Statutes (2015), involves the seizure of property. The second stage involves the actual forfeiture of property. See id. Adversarial preliminary hearings, such as the one at issue in this case, occur during the first stage of the proceedings. See § 932.703(2), Fla. Stat. (2015). The purpose of an adversarial preliminary hearing is "to determine whether probable cause exists to believe that the property was used in violation of the FCFA." Patel, 141 So. 3d at 1242; see also §§ 932.701(2)(a)12.(f), 932.703(2)(a), Fla. Stat. (2015). Only if the trial court determines probable cause exists for the seizure may the forfeiture proceed. § 932.703(2)(c), Fla. Stat. (2015).

---

pipe that tested positive for methamphetamine, and three glass pipes that tested positive for cocaine.

It is unlawful to use any motor vehicle to facilitate the concealment or possession of any contraband article. § 932.702(3), (4), Fla. Stat. (2015). Section 932.701(2)(a) defines a contraband article as:

> 1. Any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange that was used, was attempted to be used, or was intended to be used in violation of any provision of chapter 893, if the totality of the facts presented by the state is clearly sufficient to meet the state's burden of establishing probable cause to believe that a nexus exists between the article seized and the narcotics activity, whether or not the use of the contraband article can be traced to a specific narcotics transaction.

§ 932.701(2)(a)1., Fla. Stat. (2015). Methamphetamine is a controlled substance. See § 893.03(2)(c)4., Fla. Stat. (2015). A pipe containing it is paraphernalia. See § 893.145(12), Fla. Stat. (2015). Both are contraband articles under the FCFA. See § 932.701(2)(a), Fla. Stat. (2015). Because possession of methamphetamine is a felony, any motor vehicle containing the drug is subject to forfeiture. See § 932.703(4), Fla. Stat. (2015).

Specifically, section 932.703(4) provides:

> (4) In any incident in which possession of any contraband article defined in s. 932.701(2)(a) constitutes a felony, the vessel, motor vehicle, aircraft, other personal property, or real property in or on which such contraband article is located at the time of seizure shall be contraband subject to forfeiture. It shall be presumed in the manner provided in s. 90.302(2) that the vessel, motor vehicle, aircraft, other personal property, or real property in which or on which such contraband article is located at the time of seizure is being used or was attempted or intended to be used in a manner to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of a contraband article defined in s. 932.701(2).

§ 932.703(4), Fla. Stat. (2015) (emphasis added). Here, because the pipe located in Brown's Corvette tested positive for methamphetamine and possession of methamphetamine is a felony, Brown's Corvette is subject to forfeiture. See id. It does not matter whether the Corvette was used to actually transport the methamphetamine, it is subject to forfeiture if it merely "possesses" the illegal substance. See State v. Crenshaw, 548 So. 2d 223, 226 (Fla. 1989) ("[P]ossessing drugs, even solely for personal use, subjects individuals not only to criminal penalties but also to forfeiture of the vehicle, boat, or aircraft in which the drugs are found. It makes no difference whether the drugs are on the seat, in the console, or in the occupant's pocket."); In re Forfeiture of 1987 Cadillac, Serial No. 1G6CD5186H4292327, 576 So. 2d 900, 900 (Fla. 1st DCA 1991) (finding that claimant's possession of cocaine while he was in his vehicle supports and requires forfeiture of the vehicle pursuant to section 932.703); accord United States v. One (1) 1983, Fifty-Seven Foot (57') Gulfstream Vessel, M/V Christy Lee, Official Documentation No. 643659, 640 F. Supp. 667, 672 (S.D. Fla. 1986) ("[A] vessel is subject to forfeiture if it merely 'possesses' the marijuana."). Furthermore, "[t]he courts have uniformly held that a vehicle is subject to forfeiture no matter how small the quantity of contraband found." United States v. One (1) 1982 28' Int'l Vessel, 741 F.2d 1319, 1322 (11th Cir. 1984) (citing United States v. One 1976 Porsche 911S, VIN 911-6200323, Cal. License 090 NXC, 670 F.2d 810, 812 (9th Cir. 1979) (affirming forfeiture of automobile where .226 grams of marijuana was found in the trunk of the automobile and rejecting argument that forfeiture statute did not reach small amounts of contraband); see also One (1) 1982 28' Int'l Vessel, 741 F.2d at 1322 (explaining that "[t]he very fact that a sufficient quantity of marijuana was present to permit testing defeats appellant's suggestion that

4

the amount involved was immeasurable.")); One (1) 1983, Fifty-Seven Foot (57') Gulfstream Vessel, 640 F. Supp. at 673 (same).

In dismissing Brevard's forfeiture complaint, the trial court determined:

> [T]he misdemeanor possession of drug paraphernalia is insufficient to establish that the Corvette was used in either committing or aiding and abetting the commission of a felony. The substance in the paraphernalia field tested positive for either methamphetamine or cocaine. Possession of either cocaine or methamphetamine is a third degree felony. However, Petitioner has failed to establish that a possessory offense has occurred.

This was error. See Jones v. State, 589 So. 2d 1001, 1002 (Fla. 3d DCA 1991) (holding that quantity of the controlled substance does not have to be measurable to support a conviction for possession of such controlled substance particularly when the immeasurable amount of the substance is found on an implement used to consume the substance); see also Peterson v. State, 841 So. 2d 661 (Fla. 4th DCA 2003) (finding pipe which exhibited blue colored residue resulting from positive lab test that had consumed remaining cocaine was sufficient to sustain conviction for possession of cocaine); Lupper v. State, 663 So. 2d 1337, 1339 (Fla. 4th DCA 1994) (holding that trace amount of burnt cocaine residue found on altered beer can sufficient to support possession conviction). Moreover, "[f]or purposes of forefeiture, positive results in a field test furnish sufficient proof as to the existence of contraband." One (1) 1982 28' Int'l Vessel, 741 F.2d at 1322 (citing United States v. One Wood, 19' Custom Boat, 501 F.2d 1327, 1329-30 (5th Cir. 1974)).

"The probable cause standard applicable at the seizure stage requires only 'a showing of a "sufficient probability to warrant a reasonable belief" that the property was used in violation of the . . . Forfeiture Act.'" In re Forfeiture of 1994 Ford Explorer,

5

Identification No. 1FMCU22XXRUC62178, 203 So. 3d 992, 993-94 (Fla. 2d DCA 2016) (emphasis omitted) (quoting In re Forfeiture of Forty–Seven Video Redemption Games, 799 So. 2d 221, 222 (Fla. 2d DCA 2001).  Because Brevard presented sufficient evidence to establish probable cause that there was methamphetamine in the Corvette, it is entitled to the presumption found in section 932.703(4).  The presumption states in relevant part:

> It shall be presumed in the manner provided in s. 90.302(2) that the . . . motor vehicle, . . .  in which or on which such contraband article is located at the time of seizure is being used or was attempted or intended to be used in a manner to facilitate the transportation, . . . concealment, . . . possession, . . . of a contraband article defined in s. 932.701(2).

§ 932.703(4), Fla. Stat. (2015).  Thus, Brevard adequately established probable cause to seize the vehicle.

Accordingly, we reverse the trial court's final order dismissing the forfeiture complaint. On remand, the trial court shall reinstate the complaint, enter a finding of probable cause to support the seizure, and proceed to the next stage of the forfeiture proceedings.[2]

REVERSED; REMANDED with instructions.

CRAGGS, A.M., Associate Judge, concurs.
ORFINGER, J., concurring specially with opinion.

---

[2] We decline to comment on whether Brevard can sustain its burden of proof at the forfeiture trial.

ORFINGER, J., concurring specially. 5D15-3390

Because possession of even the smallest amount of a controlled substance, or the residue of a controlled substance, can be a felony, I concur with the majority opinion, albeit reluctantly.  See Peterson v. State, 841 So. 2d 661, 662-63 (Fla. 4th DCA 2003); Gilchrist v. State, 784 So. 2d 624 (Fla. 3d DCA 2001).